# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DERICK EDWARDS,

    Plaintiff,

v.                              Case No: 2:19-cv-711-SPC-NPM

CITY OF FORT MYERS, RANDY HENDERSON, SEAN HAVENNER, GUILLERMO MONMANY, JAMES HEUGLIN, BRIAN RHOTON, ARTURO GONZALEZ, JR., LEE COUNTY, CARMINE MARCENO, DERRICK DIGGS and MARK MALLARD,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This is a civil rights action filed by Derrick Edwards under § 1983. Edwards is litigating this action *pro se* and *in forma pauperis*. The Court recently issued an order on three motions to dismiss. (Doc. 140). There, the Court directed Edwards to respond to Defendant Mark Mallard's motion to

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

dismiss before May 17, 2021. The day came and went without the Court receiving a response, and it now treats Mallard's motion as unopposed.

But that is not all. Defendant Sean Havenner has neither waived service nor had an attorney enter an appearance on his behalf. As a result, he has no formal notice of the claims against him. Edwards is proceeding *in forma pauperis*, which means the Court has to serve Havenner. Carrying out its responsibility, the Court ordered the City (who previously entered a notice of appearance representing Havenner in his official capacity) to provide the Court with Havenner's last known address. ([Doc. 141](#)). To the Court's surprise, a copy of this order sent to Edwards was returned to it. What is more, even though the City complied with the Court's order, the United States Marshals Service still could not serve Havenner.

With this backdrop, the Court now addresses whether Mallard and Havenner should be dismissed from the lawsuit and whether the action can continue without Edwards' current mailing address.

**A. Mallard's Motion to Dismiss**

Edwards brings a failure to intervene claim under [42 U.S.C. § 1983](#) against Mark Mallard. Edwards' complaint centers on allegations of excessive force used by several police officers on October 7, 2015. Edwards sues Mallard because he stood by and failed to help while the other officers used excessive force. ([Doc. 92 at 11](#), ¶ 15).

Edwards named a Lieutenant Malfard as a defendant in both the original and First Amended Complaint but never named Mallard. Mallard first appeared in the Second Amended Complaint, signed on August 17, 2020. Because Mallard was not named until August 2020, he moves to dismiss the claim against him as untimely. The Court agrees.

Federal Rule of Civil Procedure 12(b)(6) creates a procedural mechanism to dispose of pleadings that fail to state a valid cause of action. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a motion to dismiss under this rule, a court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in the plaintiff's favor. Conclusory assertions, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *Id.* at 679.

Generally, the statute of limitations is an affirmative defense that must be pled and litigated. *See* Fed. R. Civ. P. 8(c). Still, the timeliness of a plaintiff's claims "may be raised in a motion to dismiss . . . when failure to comply with the statute of limitations is plain on the face of the complaint." *Foster v. Savannah Comm.*, 140 F. App'x 905, 907 (11th Cir. 2005). "A Rule 12(b)(6) dismissal on statute-of-limitations grounds is appropriate . . . if it is

apparent from the face of the complaint that the claim is time-barred." *Baker*, 391 F. App'x at 820.

Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under § 1983. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). A § 1983 claim accrues—and the statute of limitations begins to run—when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

The events leading to Edwards' failure-to-intervene claim occurred on October 7, 2015. From the face of the Complaint it is apparent Edwards knew of Mallard's involvement then. But he did not bring his claim against Mallard until August 2020. This claim is time-barred. *See Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (affirming district court order dismissing claims in a § 1983 suit filed over four years after the incident).

Though the claim is facially time-barred, Edwards' claim against Mallard may proceed if he can establish equitable tolling or show that the claim relates back to the original complaint. He presents no arguments establishing either. Though he did originally name a Lieutenant Malfard, he has not claimed he made a mistake. And it is not the Court's responsibility to raise arguments on Edwards' behalf, particularly when it gave him ample opportunity to respond.

Equitable tolling states that the statute of limitations will not bar a claim if the plaintiff, despite reasonable care and diligent efforts, did not discover the injury until after the limitations period had expired. *See, e.g.*, *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.") (cleaned up). The plaintiff must show that equitable tolling is warranted. *Id*.

There is no reason to find this doctrine applies here. Edwards does not explain why he could not make out a claim against Mallard until his second amended complaint. Edwards' claim against Mallard is barred unless he can show under Rule 15(c) the amended complaint naming him relates back to the original complaint.

Federal Rule of Civil Procedure 15(c) states, in relevant part:

Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
…
(c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake about the proper party's identity.

Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 90 days after a complaint is filed. But Edwards has not shown Mallard received notice within 90 days of the original complaint as required under Rule 15.

Nor does Edwards show he substituted Mallard into the case because of a mistake. It is true Edwards named a Lieutenant Malfard in his original complaint. But Edwards is also responsible for showing that, within the statute of limitations period, Mallard had received such notice of the action that he will not be prejudiced, and that the new party knew or should have known that, but for a mistake about the identity of the proper party, the action would have been brought against him. *See Presnell v. Paulding County, Ga.*, 454 Fed. Appx. 763, 768 (11th Cir. 2011). He has not met his burden of proving that. He fails to show Mallard knew or should have known the claim would be brought against him. The Court therefore finds it appropriate to grant Mallard's motion to dismiss.

Finally, Mallard wants the claim against him dismissed with prejudice. Typically, a party is given a chance to amend the complaint before it is dismissed. *See, e.g., Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Such an opportunity is unnecessary when an amendment would be

futile. *Id.* Because it is impossible for Edwards to plead satisfaction of the statute of limitations, it would be futile to allow him to amend his complaint. The claim is dismissed with prejudice. *See Navarro v. City of Riviera Beach, 192 F. Supp. 3d 1353, 1363 (S.D. Fla. 2016)* (dismissing with prejudice a time-barred claim because plaintiff could not cure the defect).

**B. Havenner**

The Court finds it appropriate to dismiss Edwards' claims against Havenner because it cannot serve Havenner. Because Edwards is proceeding *in forma pauperis*, the Court is responsible for service. Edwards at first only sued Havenner in his official capacity. The City represented him, and Havenner waived service on March 25, 2020. (Doc. 55). Edwards then amended his complaint to sue Havenner in his individual capacity. (Doc. 92). After the complaint was amended, Havenner neither entered an appearance nor waived service. The Court issued an order to show cause, to which the City responded and informed the Court Havenner no longer worked for the City. (Doc. 135). To carry out service, the Court enlisted the help of the City of Fort Myers, who provided Havenner's last known address. (Doc. 143). The United States Marshals Service made multiple attempts to serve Havenner, but he no longer lives at that address.

Service is the formal delivery of litigation documents to the opposing litigant that provides notice of the suit against him. If a person cannot be

served, he cannot be expected to defend himself against another party's lawsuit. Under Rule 4(m), a district court "must dismiss the action without prejudice…or order that service be made within a specific time" if the defendant has not been served within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). A court must extend the time for service if the plaintiff shows "good cause" for the failure. *Id.*

For prisoners proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). But the Court also must ensure that its limited resources are allocated so it promotes the effective and efficient administration of the judicial system. Having exhausted reasonable efforts to locate and serve Havenner, the Court will thus dismiss Edwards' claim against Havenner without prejudice under Rule 4(m). *See Brown v. Davis*, 656 F. App'x 920, 921 (11th Cir. 2016) (affirming dismissal because the *in forma pauperis* plaintiff provided the wrong address for a defendant and did not try to remedy service).

### C. Edwards' failure to keep the Court apprised of his address

The Court observes Edwards last participated in this action on February 19, 2021, when he opposed the City's motion to dismiss. (Doc. 138). The Court takes judicial notice that, according to the Florida Department of Correction website, Edwards was released on May 11, 2021. Yet Edwards has not

informed the Court of his new address, and he has not received the Court's most recent orders.

On December 19, 2019, the Court ordered Edwards to promptly notify the Court of any change of address and warned that failure to do so may lead to dismissal. (Doc. 15 at 2). But Edwards has not kept the Court apprised of his current address. This action cannot continue if the Court cannot communicate with Edwards. Thus, the Court will dismiss the action without prejudice for failure to comply with the Court's order.

Accordingly, it is now

**ORDERED:**

1. Mark Mallard's Motion to Dismiss (Doc. 125) is **GRANTED** and the claim against him is **DISMISSED with prejudice**.

2. Edwards' claims against Sean Havenner are **DISMISSED without prejudice**.

3. As to the other remaining Defendants, this action is **DISMISSED without prejudice** for failure to follow the Court's Orders. The Clerk is **DIRECTED** to enter judgment, terminate any motion and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record