UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERICK EDWARDS,

    Plaintiff,

v.                                       Case No.:  2:19-cv-711-SPC-NPM

GUILLERMO MONMANY,
JAMES HEUGLIN, BRIAN
RHOTON, and CARMINE
MARCENO,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is a sua sponte review of the case.  One of Defendants' lawyers withdrew (Docs. 194; 195).  In doing so, the attorney's Rule 3.01(g) certification noted pro se Plaintiff was recently incarcerated and could not "discuss his consent until an undetermined time in the future." (Doc. 194 at 2).  This is problematic for at least two reasons.

First, the Court apparently does not have an updated address for Plaintiff.  Every party is responsible for providing the Court with an address and keeping it updated.  (Doc. 15 at 2 ("Throughout this case, you are required

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

to advise the Clerk's Office **in writing** of any change in your mailing address by filing a Notice of Change of Address."); *see also Gerzon v. IHOP Rest. Corp.*, No. 8:17-CV-870-T-27TBM, 2017 WL 1954821, at *1 n.1 (M.D. Fla. May 10, 2017). If the Court doesn't know where Plaintiff is, it has no way to communicate with him. When the Court cannot contact a plaintiff because they fail to follow an Order to keep an address current, dismissal generally follows. *See, e.g.*, *Portnoy v. Safeguard Properties, LLC*, No. 5:19-cv-407-OC-30PRL, 2020 WL 7496409 (M.D. Fla. Mar. 17, 2020); *Horowitz v. Pfizer, Inc.*, No. 2:20-cv-955-JLB-NPM, 2021 WL 2635827, at *1 (June 4, 2021), *report and recommendation adopted*, 2021 WL 2634173 (June 25, 2021). Even if the Court were to dismiss this case without prejudice, Plaintiff should know the statute of limitations likely ran long ago (i.e., any dismissal would probably have the effect of forever barring his claims).

For what it's worth, this is not the first time Plaintiff had an issue with his address. Last summer, the Court noticed Plaintiff's mail was getting returned as undeliverable. So the Clerk called him multiple times to track down a usable address. It is not the Court's function to monitor parties' whereabouts and help them litigate. Out of an abundance of caution though, the Court searched for Plaintiff in the Florida Department of Corrections'

database.[2]  Best the Court can tell, Plaintiff is at South Florida Reception Center right now.  So it will send this Order to that address too.  But Plaintiff should know, this is the last time the Court will attempt to locate him.  Put different, the Court will not continually track his movement through the state prison system.  If Plaintiff does not see fit to keep an address on file and the Court cannot communicate with him, it will dismiss this case.

Second, whether Plaintiff can prosecute this action is unsettled.  Significant deadlines are fast approaching.  Discovery closes on July 1, and summary judgment is due July 29.  If Plaintiff cannot do something as simple as confer with Defendants about whether one of their lawyers can withdraw, it is unclear if Plaintiff can effectively pursue this case.

Given these issues, the Court finds it necessary to resolve the matter as soon as possible.  Plaintiff must update the Court with his current address and continue to keep his address updated.  What's more, the Court will set a status conference to ameliorate any impact of Plaintiff's incarceration on this case.

Accordingly, it is now

**ORDERED:**

---

[2] *Available at*, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=894443&TypeSearch=AI.

3

1. Plaintiff must **FILE** a Notice to update the Court with his current address **on or before July 6, 2022**.

2. The Clerk is **DIRECTED** to **SET** this case for a status conference under separate cover.

3. The Clerk is **DIRECTED** to **MAIL** a copy of this Order and the Notice of status conference to Plaintiff at his current address and the following facility:

    **South Florida Reception Center (Male)**
    **14000 NW 41st Street**
    **Doral, Florida 33178-3003**

4. **Failure to comply with this Order or appear at the status conference may result in the Court dismissing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4