UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERICK EDWARDS,

    Plaintiff,

v.                                      Case No.:  2:19-cv-711-SPC-NPM

GUILLERMO MONMANY,
JAMES HEUGLIN, BRIAN
RHOTON and CARMINE
MARCENO,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Derick Edwards' Motion for Reconsideration. (Doc. 225). Edwards asks the Court to reconsider its grant of final summary judgment to Defendants Guillermo Monmany, James Heuglin, Brian Rhoton, and Carmine Marceno. (Doc. 225). Defendants oppose. (Doc. 226). For the following reasons, the Court denies Edwards' Motion.

This is an excessive force case. Police stopped Edwards for making a wide right turn.[2] During the stop, a struggle ensued. That struggle formed

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

[2] This turn would violate Florida Statute 316.151(1)(a). It is a noncriminal traffic infraction.

the basis for Edwards' claims of excessive force, battery, intentional infliction of emotional distress, malicious prosecution, and *Monell* claims[3]. No claim challenged the validity of the original traffic stop. After a thorough review of the evidence including body cam footage of the stop, the Court granted Defendants' Motion for Final Summary Judgment. (Doc. 219). Edwards now seeks reconsideration.

"Under Federal Rule of Civil Procedure 59(e), a party may ask a district court to reconsider an earlier ruling." *Hill v. Escambia Cnty. Sherriff's Off.*, No. 21-10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022). But reconsideration under Rule 59(e) is not all encompassing. It is appropriate to correct "manifest errors of law or fact." *Jenkins v. Anton,* 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be used to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And lastly, a Rule 59(e) motion might work "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021).

The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim,* 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted). They are granted sparingly, and Rule 59(e) is not a

---

[3] *Monell* and its progeny establish when local governments may be sued under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978).

mechanism "relitigate old matters." *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will the Court "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

Edwards fails to establish the appropriateness of reconsideration. Edwards arguments boil down to (1) the Court should have granted Edwards' additional request for discovery so Edwards could have obtained Racetrac video from *before the traffic stop* (Doc. 218), and (2) Edwards was tased seven minutes after he was handcuffed, which was overlooked by the Court and clearly excessive force. Each argument fails in turn.

First, the Court has already addressed Edwards' additional request for discovery. The Court previously found (1) Edwards never properly sought it from the third party, (2) it's unclear how such footage relates to Edwards' claims that focus on what happened after the traffic stop, and (3) Edwards did not show good cause to extend the discovery deadline. (Doc. 219 at 5-7). The Court will not relitigate this old issue.

Second, Edwards was not tased seven minutes after he was handcuffed. The clear video evidence shows Edwards was tased *before* both his hands were

3

handcuffed behind his back. (Doc. 219 at 9). Edwards' statement seems based on two misunderstandings. First, he thinks the difference in the video between 6:00 and 6:07 is seven minutes, instead of the accurate seven seconds. Second, he compares the video timestamps on two different videos that started at different times. Edwards' own misunderstanding is not grounds for reconsideration.

Accordingly, it is now

**ORDERED:**

Plaintiff Derick Edwards' Motion for Reconsideration (Doc. 225) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 14, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4